## MARMON MOTOR CAR COMPANY *v.* MAYER.

[No. 13,125.   Filed October 5, 1928.   Rehearing denied January 25, 1929.]

*Joseph W. Hutchinson*, for appellant.
*Bingham, Mendenhall & Bingham*, for appellee.

NICHOLS, C. J.—Action by appellee against appellant for damages for a personal injury alleged to have been sustained by him by reason of the negligence of appellant in operating its automobile, and by reason thereof, colliding with the automobile in which appellee was riding.

To the complaint in one paragraph, appellant filed an answer in general denial.

The cause was submitted to a jury, which returned a verdict for appellee, assessing his damages in the sum of $600, upon which verdict the court rendered judgment against appellant. Appellant filed its motion for a new trial, which was overruled, and this appeal followed.

The error relied upon for a reversal is the action of the court in overruling appellant's motion for a new trial.

It appears by the evidence that the automobile in which appellee was riding was being driven northwestward near to the right-hand curb of Northwestern avenue in Indianapolis, that appellant's automobile was coming southeastward in the avenue and, when near to Congress avenue, which intersects, appellant's driver turned its automobile to the left without having even seen the automobile in which appellee was riding and cut across the street in front of appellee and the cars collided at a steel light pole situated at the east curb of Northwestern avenue about ten feet north of the north curb of Congress avenue; and the driver of appellant's car testified that, from the point where the cars collided to the point where they stopped, being at and against the light pole, was a distance of about ten feet, from which it is apparent that appellant's driver was "cutting the corner short" when the collision occurred.

No question is presented as to the insufficiency of the evidence to sustain the verdict, nor is it contended that the damages are excessive. We are so clear that a right result was reached that we deem it unnecessary to consider the instructions challenged by appellant, the objections to which we regard as captious rather than meritorious.

Affirmed.